IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02289-BNB

DAVID A. HARPER,

    Plaintiff,

vs.

THE OFFICE OF ATTORNEY REGULATION,
ADAM J. ESPINOZA, in his individual and/or personal capacity,
JOHN S. GLEASON, in his individual and/or personal capacity,
JAMES C. COYLE, in his individual or personal capacity,
WILLIAM R. LUCERO, in his individual and/or personal capacity,
THE OFFICE OF THE PRESIDING DISCIPLINARY JUDGE,
THE COLORADO SUPREME COURT,
THE FLORIDA BAR,
THE FLORIDA SUPREME COURT, and
DOES 1 THROUGH 20, whose true names are unknown,

    Defendants.

ORDER OF DISMISSAL

Plaintiff, David A. Harper, filed *pro se* a Complaint (ECF No. 8) alleging that Defendants violated his constitutional rights when they "instigated and participated in unlawful disciplinary actions" against Plaintiff that resulted in his suspension from the practice of law in Florida and Colorado.  All of the Defendants in this case either are state agencies or entities and their employees, or the judge who presided over Plaintiff's attorney disciplinary proceedings.  Espinoza, Gleason, and Coyle are counsel for the Colorado Supreme Court Office of Attorney Regulation Counsel and Judge Lucero was the presiding disciplinary judge in Plaintiff's disciplinary proceedings in Colorado.  In short, Plaintiff alleges that:

> Defendants acted individually and in concert to purposely manipulate, misrepresent, misapply and circumvent the law, to falsify official documents and to use fraudulent and falsified documents in the Colorado proceedings and to deprive Plaintiff of his rights under the U.S. Constitution, federal law, Colorado law, and Florida law, including but not limited to his rights to procedural and substantive due process and appellate review, for the wrongful and unlawful purpose of supporting unlawful and fraudulent orders from Florida and unlawfully and without authority imposed reciprocal discipline, costs, fines, and the unlawful requirement of reinstatement against Plaintiff in violation of law and Plaintiff's civil rights in Colorado and under the U.S. Constitution based on such orders.

(ECF No. 8 at 5, ¶ 6.)

Based on the allegations, Plaintiff asserts claims for violations of due process and equal protection pursuant to 42 U.S.C. § 1983; civil conspiracy pursuant to 42 U.S.C. § 1985; obstruction of justice pursuant to 18 U.S.C. §§ 1512, 1513; violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.*; and state law claims for fraud and intentional infliction of emotional distress.  He seeks compensatory and punitive damages.

On September 24, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 10) directing Plaintiff to show cause why the claims against Defendants Colorado Supreme Court, Office of the Presiding Disciplinary Judge, and Office of Attorney Regulation should not be dismissed for lack of jurisdiction; the claims against Defendants Lucero, Espinoza, Gleason, and Coyle should not be dismissed based on absolute immunity; and the claims against Defendants Florida Bar and Florida Supreme Court should not be dismissed for improper venue.  On October 24, 2014, Plaintiff submitted his Response (ECF No. 11).

The Court must construe Plaintiff's Complaint and filings liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall,* 935 F.2d at 1110.

Plaintiff has been granted leave to proceed pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B), the Court must dismiss the action if the claims Plaintiff is asserting are frivolous, malicious, or seek monetary relief against a defendant who is immune from such relief. In addition, pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. See *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

**I.      The Colorado Supreme Court, Office of the Presiding Disciplinary Judge, and Office of Attorney Regulation Counsel.**

The Court lacks subject matter jurisdiction over the claims against the Colorado Supreme Court, Office of the Presiding Disciplinary Judge, and Office of Attorney Regulation Counsel (OARC) because the Eleventh Amendment prevents Plaintiff from suing a state court or judicial department for damages in federal court. See *Blatchford v. Native Village of Noatak & Circle Village,* 501 U.S. 775, 785-86 (1991); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 70-71 (1989) (holding that "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.") The Office of the Presiding Disciplinary Judge and OARC

are established by the Colorado Supreme Court and, accordingly, the Tenth Circuit has affirmed dismissal of claims for damages against disciplinary boards as barred by the Eleventh Amendment. *See Guttman v. Widman,* 188 Fed. Appx. 691, 696 (10th Cir. 2006); *Post v. Supreme Court of Colorado,* 53 Fed. Appx. 891 (10th Cir. 2002); *see also Ysais v. New Mexico Judicial Standard Comm'n,* 616 F. Supp.2d 1176, 1191-1192 (D.N.M. 2009) (holding that disciplinary board was entitled to Eleventh Amendment immunity).

"It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988) (per curiam). Furthermore, congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998).

In his Response, Plaintiff argues that these defendants are not protected by the Eleventh Amendment because "no interpretation of the United States Constitution, its amendments, federal law or state law would allow a state, its agencies or its employees to knowingly 'railroad' an innocent citizen of a state and a citizen of the United States in a reciprocal discipline case through the use of a fabricated and fraudulent order and false evidence obtained from another state." (ECF No. 11 at 2.) He further asserts that the "Eleventh Amendment does not control or apply in this case as the unlawful

imposition of reciprocal discipline against Plaintiff by Defendants The Colorado Supreme Court, the Office of Presiding Disciplinary Judge and The Office of Attorney Regulation Counsel, through their employees, is both a state action and a deprivation of Plaintiff's liberty and property under color of law and without due process." (*Id.* at 11.) He also contends that the Eleventh Amendment "does not apply to suits brought by citizens against their own state." (*Id.*)  Plaintiff also argues that Eleventh Amendment immunity does not apply because the Fourteenth Amendment, "clearly entitles Plaintiff, as a citizen of a state and of the United States, to bring his case, which arises under the Constitution and the laws of the United States, against a State and its agents . . . ." (*Id.*) Plaintiff further contends that the Complaint has been filed pursuant to "federal question jurisdiction (28 U.S.C. § 1331) and 42 U.S.C. §§ 1983, 1981 . . . including the Fourteenth Amendment." (*Id.* at 12.)  Finally, Plaintiff argues that *Monell v. Dept' of Social Services,* 436 U.S. 658 (1978) provides jurisdiction over his claims because *Monell* holds that a municipality and its officials can be held liable under § 1983. (*Id.* at 13.)

      The Court rejects all these arguments.  Plaintiff has not, with his allegations in the Complaint or his arguments in the Response, pled around Eleventh Amendment immunity or come within any exception to its jurisdictional bar.  Therefore, the claims against the Colorado Supreme Court, the Office of the Presiding Disciplinary Judge, and OARC are dismissed for lack of subject matter jurisdiction as barred by Eleventh Amendment immunity.

**II.     Judge William R. Lucero**

      The Court finds that Judge Lucero is absolutely immune from this damages suit

and therefore, the claims against Defendant Lucero must be dismissed pursuant to § 1915(e)(2)(B).

It is well established that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978). "The entitlement is an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) (italics in original). Absolute judicial immunity continues even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump,* 435 U.S. at 359. Moreover, absolute immunity was not affected or abolished "by § 1983, which makes liable 'every person' who under color of law deprives another person of his civil rights." *Pierson v. Ray,* 386 U.S. 547, 554 (1967). The Supreme Court has emphasized that a judge's immunity from civil liability "is overcome in only two sets of circumstances:" (1) "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" or (2) judicial actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991). Finally, absolute judicial immunity covers individuals who adjudicate disciplinary proceedings because they engage in work that is "functionally comparable to that performed by judges and prosecutors." *Verner v. State of Colorado,* 533 F. Supp. 1109, 1115 (D. Colo. 1982).

The allegations in the Complaint establish that all of the actions of which Plaintiff complains relate to Judge Lucero's role as Presiding Disciplinary Judge in his disciplinary proceedings. For example, Plaintiff alleges that

> At all time mentions herein, Defendant William R. Lucero, who acted as

>   presiding disciplinary judge in Plaintiff's unlawful Colorado disciplinary proceedings, made unlawful rulings, or had others make them, or otherwise took action in contravention of the applicable rules and law and for the purpose of obstructing justice and unlawfully interfering with [Plaintiff's] civil rights and property rights and who acted in the case when he was disqualified to do so, and who attempted to unlawfully influence the case to Plaintiff's detriment and to the benefit of Defendants, also intentionally harassed Plaintiff and hindered him from attending or testifying in an official proceeding, or attempted to do so; corruptly altered and concealed documents and used fraudulent documents, or attempted to do so, or caused another person to do so, with the intent to impair the document's availability for use in an official proceeding; knowingly engaged in misleading conduct towards Plaintiff with the intent to influence, delay, or prevent testimony in an official proceeding; and corruptly obstructed, influenced, and impeded official proceedings.

(ECF No. 8 at 9, ¶ 13.)

In his Response, Plaintiff argues that Judge Lucero "was not acting within his judicial jurisdiction when he imposed reciprocal discipline against Plaintiff in Colorado." (ECF No. 11 at 14.) Plaintiff further alleges that Judge Lucero acted without judicial jurisdiction because he "disregarded applicable Colorado law and procedure, including but not limited to C.R.C.P. 251.21 and unilaterally disposed of the case without a hearing board which was Plaintiff's as a matter of right under C.R.C.P. 251.21." (*Id.*)

This argument is unavailing. Plaintiff attempts to rely on the two exceptions to judicial immunity: (1) "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" or (2) judicial actions "taken in the complete absence of all jurisdiction." *See Mireles,* 502 U.S. at 12. The Supreme Court has explained, however, that an act taken in excess of a court's jurisdiction is not to be confused with an act taken in the "complete absence of all jurisdiction." *Id.* at 12-13 (recognizing that a judge is not deprived of judicial immunity "because the action he took was in error . . . or was in excess of his authority.") As further explained in *Bradley v. Fisher,* 80 U.S. 335, 351-52

(1871):

> Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

To illustrate this distinction, the Supreme Court has stated:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stump,* 435 U.S. at 457, n.7 (citing *Bradley,* 80 U.S. at 352).

As the Presiding Disciplinary Judge, Judge Lucero has jurisdiction over the subject matter of attorney discipline. *See* C.R.C.P. 251.16(c)(4) (The Presiding Disciplinary Judge is authorized and empowered to impose discipline on an attorney). Under *Bradley,* a court invested with jurisdiction over the subject matter in question does not act in the clear absence of all jurisdiction. 80 U.S. at 351-52. Moreover, even assuming that Judge Lucero violated C.R.C.P. 251.21 as Plaintiff alleges, a judge's "commission of grave procedural errors" does not deprive the judge of absolute judicial immunity. *See Stump,* 435 U.S. at 359; *see also Stein v. Disciplinary Bd. of Supreme Court of New Mexico,* 520 F.3d 1183, 1194-96 (10th Cir. 2008) (rejecting claims that Justices of the Supreme Court of New Mexico violated Plaintiffs' due process and equal

8

protection rights because Justices were protected by absolute judicial immunity). Plaintiff has failed to demonstrate that Judge Lucero acted outside his judicial capacity and therefore, he is absolutely immune from this damages suit.

### III.     Adam J. Espinoza, John S. Gleason, and James C. Coyle

Plaintiff's claims for monetary relief against Adam J. Espinoza, John S. Gleason, and James C. Coyle ("the OARC Officials), all employees of the OARC of the Colorado Supreme Court, must also be dismissed pursuant to § 1915(e)(2)(B) because the OARC Officials are protected by absolute immunity.

Prosecutors enjoy absolute immunity from civil suits for damages asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). The question of whether a prosecutor is entitled to absolute immunity for his actions depends on the nature of the function performed by the prosecutor at the time of the alleged misconduct. *Buckley v. Fitzsimmons,* 509 U.S. 259, 271 (1993). Actions taken as an advocate or, more specifically, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State" support absolute immunity. *Id.* at 273. One such protected act is the decision to prosecute. *Id.* If prosecutorial immunity does attach, it is absolute and, therefore, applies to cases of malicious or bad faith prosecution. *Imbler,* 424 U.S. at 437. The Tenth Circuit has extended prosecutorial immunity to officials charged with pursuing attorney discipline. *See Stein,* 520 F.3d at 1193.

Plaintiff's allegations seek to assign liability for the OARC Officials' decision to prosecute disciplinary charges against Plaintiff that resulted in his suspension from the

practice of law in Colorado.  (*See* ECF No. 8 at 7, ¶¶ 10-12) (OARC Officials "participated in" and "conspired with one or more of the other named Defendants . . . to wrongfully and unlawfully have Plaintiff suspended from the practice of law in Colorado.")  Plaintiff's allegations also relate the OARC Officials' conduct during the attorney disciplinary proceedings.  (*Id.*) (OARC Officials made "false allegations" against Plaintiff, "corruptly altered and concealed documents and knowingly used fraudulent documents, or attempted to do so," "knowingly engaged in misleading conduct towards another person with the intent to influence, delay, or prevent the testimony of any person in an official proceeding," and "corruptly obstructed, influenced, and impeded official proceedings.")

In his Response, Plaintiff admits that the OARC Officials may be immune for actions taken "in initiating a prosecution and in presenting the States case," but argues that their actions did not involve either.  (ECF No. 11 at 15.)  Plaintiff asserts that "Defendants sought to and conspired to impose reciprocal discipline against Plaintiff in Colorado" and that their purpose was to "prevent Plaintiff from presenting his defense in the Colorado discipline proceedings to a hearing board."  (*Id.*)  He contends that these actions cannot be considered "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which did not occur in the course of his role as an advocate for the State."  (*Id.*)  Plaintiff's conclusory assertion that these actions are not prosecutorial in nature is flawed.  All of the actions of which Plaintiff complains are properly characterized as prosecutorial functions in connection with initiating and presenting the attorney discipline case against Plaintiff.  *See Buckley,* 509 U.S. at 273 ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings

or for trial, and which occur in the court of his role as an advocate for the State, are entitled to the protections of absolute immunity.") *See also Schrob v. Catterson,* 948 F.2d 1402, 1417 (3d Cir. 1991) (finding that even if prosecutor told judge a "bald faced lie" in applying for a seizure warrant, prosecutor was absolutely immune); *Sokes v. City ofChicago,* 660 F. Supp. 1459, 1461 (N.D. Ill. 1987) (prosecutor who allegedly influenced prospective witness by paying them for their testimony entitled to prosecutorial immunity). Thus, the OARC Officials are entitled to absolute prosecutorial immunity.

## IV.   The Florida Bar and Florida Supreme Court

In the Court's Order to Show Cause, the Court noted that the District of Colorado did not appear to be the proper venue to adjudicate Plaintiff's claims against the Florida Bar and Florida Supreme Court ("the Florida Defendants") because the Florida Defendants do not reside in Colorado and the events giving rise to Plaintiff's claims against the Florida Defendants occurred in Florida. Specifically, Plaintiff alleges that the Florida Defendants instigated and participated in the unlawful Florida Bar disciplinary proceedings against Plaintiff and wrongfully and unlawfully suspended Plaintiff from the practice of law. (*See* ECF No. 8 at 12, ¶¶ 16, 17.) Plaintiff also alleges that the Florida Defendants made false allegations against Plaintiff, tampered with witnesses, and corruptly altered or concealed documents during the disciplinary proceedings. (*Id.*)

In his Response, Plaintiff argues that the Florida Defendants are proper parties because "they prepared the fraudulent purported order and fraudulent purported report of referee and provide other documentation, including a sworn affidavit, which was used against Plaintiff in the Colorado reciprocal discipline proceedings and communicated

with the Colorado Defendants during the Colorado proceedings." (ECF No. 11 at 16.) He also contends that his allegations concerning the alleged conspiracy between the Florida Defendants and the other Defendants are not conclusory but are supported by facts.

Even assuming that this Court is the proper venue to exercise jurisdiction over the Florida Defendants, Plaintiff's claims for monetary relief against the Florida Bar and the Florida Supreme Court suffer from the same flaw as his claims against the Colorado Supreme Court, Office of the Presiding Disciplinary Judge, and Office of Attorney Regulation Counsel. As explained, Eleventh Amendment immunity prevents Plaintiff from suing a state court or judicial department for damages pursuant to 42 U.S.C. § 1983. *See Will,* 491 U.S. 58, 66, 70-71 (1989). The Tenth Circuit has held that the Florida Bar is an arm of the Supreme Court of Florida and is entitled to Eleventh Amendment immunity against a damages suit. *See O'Connor v. The Florida Bar,* 197 Fed. Appx. 741 (10th Cir. 2006) (affirming district court's dismissal of complaint for lack of subject matter jurisdiction based on Eleventh Amendment immunity). Accordingly, Plaintiff's claims against the Florida Defendants are dismissed for lack of subject matter jurisdiction as barred by the Eleventh Amendment.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals

for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint (ECF No. 8) and the action are dismissed because Defendants Colorado Supreme Court, Office of the Presiding Disciplinary Judge, Office of Attorney Regulation, the Florida Bar, and the Florida Supreme Court are entitled to Eleventh Amendment immunity; Defendant Lucero is entitled to absolute judicial immunity; and Defendants Espinoza, Gleason, and Coyle are entitled to absolute prosecutorial immunity.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  7th  day of     November        , 2014.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court